# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**
ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MINGO COUNTY BOARD OF EDUCATION,**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-151**   (W. Va. Pub. Employees Grievance Bd. No. 2021-2450-CONS)

**MARK BLACKBURN,**
**Grievant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mingo County Board of Education ("Mingo BOE") appeals the March 16, 2023, decision of the West Virginia Public Employees Grievance Board ("Grievance Board"). Respondent Mark Blackburn ("Dr. Blackburn") timely filed a response.[1] Mingo BOE filed a reply. The issue on appeal is whether the Grievance Board erred in granting Dr. Blackburn's grievance and finding that Mingo BOE's selection decision for the principal position in Mingo County, West Virginia, was arbitrary and capricious.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the Board's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the Board's decision is reversed.

On September 16, 2020, the Mingo BOE posted a notice seeking applications for the principal position at Lenore PK-8 school. Dr. Blackburn and Christopher Harris were two of the candidates who applied for the position. Dr. Blackburn has been employed by Mingo BOE as a classroom teacher since 2019. Before working for Mingo BOE, Dr. Blackburn worked as a teacher and administrator in Kentucky for twenty-seven years, of which he was principal and superintendent for twenty years. On September 16, 2020, Mingo BOE posted a vacancy for the principal position at Lenore PK-8. Nine applicants applied for the position, including Dr. Blackburn. One applicant subsequently withdrew her name from consideration. The candidates considered for the position were Dr. Blackburn, Christopher Harris, Marsha Deskins, Larry Maynard, Krystyn Noe, Aileen Perry, Tammy Salmons, and Geoffrey Saunders.

---

[1] Mingo BOE is represented by Leslie K. Tyree, Esq. Dr. Blackburn is represented by Andrew J. Katz, Esq.

1

Mingo BOE created an interview committee to fill the position. The committee was made up of Dr. Johnny Branch, Assistant Superintendent of Mingo BOE; Drema Dempsey, Director of Student Services and Attendance; Janet Varney, Special Education Director; Lesia Salmons, Coordinator of Counseling; and Sabrina Runyon, Director of Early Learning. The interview committee considered the qualifications of each candidate and interviewed all candidates. Each candidate was asked the same questions and given the same essay question to complete.

Following the interviews, the interview committee evaluated the candidates' qualifications using nine factors relevant to a principal position as set forth in West Virginia Code § 18A-4-7a (2019) which included: (1) appropriate certification, licensure, or both; (2) amount of experience relevant to the position; (3) the amount of course work, degree level or both in the relevant field or degree level; (4) academic achievement; (5) certification by the National Board for Professional Teaching Standards; (6) specialized training relevant to performing the duties of the job; (7) past performance evaluations conducted pursuant to West Virginia Code §§ 18A-2-12 and 18A-3C-2; (8) seniority; and (9) other measures or indicators upon which the relevant qualifications may be fairly judged.

The interview committee created a matrix and scored each candidate based on the foregoing factors. The first eight factors were worth one point in the matrix, while the ninth factor was made up of the interview process and was given more weight by the interview committee. The committee assigned a maximum of one point to each of the eight interview questions as well as the essay question, for a total of nine points. The interview committee discussed how to score each candidate as a group and recorded their score on a single form.

For the first eight factors, there were eight points available. Before considering the scores for factor nine, for factors one through eight, Tammy Salmons received a total of six points; Dr. Blackburn, five points; Larry Maynard, four points; and Marsha Deskins, Christopher Harris, Krystyn Noe, Aileen Perry, and Geoffrey Saunders each had three points.

For the interview portion, there were nine points available. The final scores for the interview portion were as follows: Mr. Harris, six points; Tammy Salmons, two points; Krystyn Noe, four points; Dr. Blackburn, one point; Aileen Perry, two points; Geoffrey Saunders, two points; Marsha Deskins, one point; and Larry Maynard, zero points.

After considering the factors in West Virginia Code § 18A-4-7a and scoring each candidate, the interview committee selected Christopher Harris as the most qualified candidate. The interview committee then submitted Mr. Harris' name to the Mingo BOE's Superintendent Don Spence. Superintendent Spence evaluated the qualifications of Mr. Harris as well as the other eight candidates and chose to accept the recommendation and

submit Mr. Harris' name to the Mingo BOE for approval. The Mingo BOE voted in favor of Superintendent Spence's recommendation, and Mr. Harris was awarded the position.

On October 6, 2020, Dr. Blackburn filed a grievance regarding the selection decision. In his grievance, Dr. Blackburn sought placement in the position, as well as related benefits and backpay. The Grievance was denied at level one of the grievance process by decision dated December 4, 2020. On March 8, 2021, Dr. Blackburn appealed the grievance to level two. A level two mediation was conducted on June 17, 2021, but was unsuccessful. By order entered January 10, 2022, Mr. Harris was granted Intervenor status.[2]

On November 14, 2022, a level three hearing was conducted before the administrative law judge ("ALJ"). Dr. Blackburn appeared in person and testified. Members of the hiring committee John Preece, Sabrina Grace, Doug Ward, Drema Dempsey, Janet Varney, Rocky Hall, and Johnny Branch testified as witnesses. Superintendent Don Spence also testified as a witness. Dr. Blackburn testified that he believed he should have been given a point for specialized experience, due to his experience as an administrator. Further, he stated that he felt like an outsider during the interview process. Mr. Preece testified that he had previously worked with Dr. Blackburn, and that he believed that Dr. Blackburn should have been selected for the position. Ms. Dempsey testified that Dr. Blackburn did not give specific answers to several of the questions and gave an example of a question about the role that data makes in the decision-making process of an administrator, in which he did not provide a specific answer that was directed towards helping students, or the types of data that he would consider. Further, Ms. Dempsey testified that no Board member had ever instructed her to pick a specific candidate.

By decision dated March 16, 2023, the ALJ held that Dr. Blackburn had proven by a preponderance of the evidence that the selection process was flawed, that Mr. Harris was not the most qualified candidate, that the decision to select Mr. Harris was arbitrary and capricious, and that the interview committee abused its discretion. However, the ALJ found that Dr. Blackburn failed to prove by a preponderance of the evidence that he was the most qualified candidate for the position. The ALJ granted the grievance in part, and denied in part, concluding that the position should be reposted, and a new selection process undertaken. It is from this decision that the Mingo BOE now appeals.

Our standard of review in appeals from the Grievance Board is as follows:

A party may appeal the decision of the administrative law judge on the grounds that the decision:

---

[2] The Grievance Board granted Mr. Harris Intervenor status below, but he is not a party to this appeal.

(1)     Is contrary to law or a lawfully adopted rule or written policy of the employer;
(2)     Exceeds the administrative law judge's statutory authority;
(3)     Is the result of fraud or deceit;
(4)     Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
(5)     Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007); *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of an administrative appeal).

Further, our Supreme Court of Appeals has established that "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board . . should not be reversed unless clearly wrong." Syl. Pt. 3, *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W. Va. 238, 719 S.E.2d 406 (2011) (citing Syl. Pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1989)). Further, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996).

On appeal, Mingo BOE asserts a single assignment of error, in which they argue that the ALJ misapplied West Virginia Code § 18A-4-7a and erroneously determined that the selection process was flawed, that the decision to select the intervenor was arbitrary and capricious, and that the interview committee abused its discretion in selecting Mr. Harris. We agree.

West Virginia Code § 18A-4-7a(c) provides, in part, that "a county board is entitled to determine the appropriate weight to apply to each of the criterion when assessing an applicant's qualifications." Further, it is well established in West Virginia that "[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel." Syl. Pt. 4, *McCann v. Lincoln Cnty. Bd. of Educ.*, 244 W. Va. 66, 851 S.E.2d 512 (2020) (citing Syl. Pt. 3, *Dillon v. Bd. of Educ. of Cnty. of Wyoming*, 177 W. Va. 145, 351 S.E.2d 58 (1986) (superseded by statute on other grounds)).

The record establishes that the interview committee considered all of the applicable factors for a principal position as set forth in West Virginia Code § 18A-4-7a in making their decision to select Mr. Harris. Further, the interview committee was entitled to determine the appropriate weight to apply to each criterion and chose to accord more weight to the interview portion of the selection process. The decision to recommend Mr. Harris was approved by both the Superintendent and the Mingo BOE. Further, the record establishes that Mr. Harris was awarded the most points because the interview committee

4

determined that his responses showed his capability for the position based on his educational background, experience, the interview process, and his essay response. We find that the ALJ was clearly wrong in concluding that the interview committee's selection of Mr. Harris for the principal position was arbitrary and capricious. The substantial evidence in the record indicates that the interview committee did not abuse its discretion in selecting Mr. Harris and weighed the appropriate factors according to West Virginia Code § 18A-4-7a.

Further, Dr. Blackburn did not establish that he was the candidate next in line for the principal position. Thus, he lacks standing to challenge his non-selection for the position. The record indicates that Ms. Salmons and Ms. Noe were the candidates with the second and third highest scores, respectively. *See Samples v. Kanawha Cnty. Bd. of Educ.*, No. 2008-1589-KanEd, 2010 WL 1723052, at *8 (Apr. 2, 2010) (Grievance Board decision finding that in order for a grievant to demonstrate entitlement to a position or compensation, it is necessary to establish he or she was "next in line"); *see also Stephens v. Wayne Cnty. Bd. of Educ.,* No. 11-0560, 2011 WL 8199946, at *11 (W. Va. Nov. 15, 2011) (memorandum decision) (incorporating a circuit court order applying the "next in line" rule). Based on the foregoing, we conclude that Dr. Blackburn did not prove that he was the most qualified candidate or next in line for the position.

Accordingly, we reverse the Grievance Board's March 16, 2023, decision.

Reversed.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5